ABBEY PRODUCE COMPANY, Albee Tomato Co., Inc., E. Armata, Inc., R. Comunale, Costa & Harris, Inc., Craig–Ann Produce, Inc., D'Arrigo Bros. Co. of New York, Inc., Hunts Point Tomato Co., Inc., Fierman Produce Exchange, Inc., Finest Fruits, Inc., G & B Produce, Inc., Havana Potato Corp., J.B.C. Produce, Inc., Jacobson Produce, Inc., Kleiman &

Hochberg, Inc., Kornblum & Co., Inc., Krisp–Pak Sales Corp., L & K Tomatoes, Inc., L & P Fruit Corp., Leef–Brandt Produce, Inc., Lee–Loi Industry, Inc., Loi Potato Co., Inc., M & R Tomato Distributors, Inc., Megna Fruit, Inc., Morris Okun, Inc., D.M. Rothman & Co., Inc., Rubin Bros. Co., Inc., H. Schnell & Co., Inc., Square Produce, Inc., M. Stiks & Sons, Inc., Tomatoes, Inc., Trucco, Inc., Vita–Wellbrock–Kearney, Inc. and Wishnatzki & Nathel, Inc., Plaintiffs–Appellants,

v.

KOREA COMMERCIAL NATIONAL BANK, Defendant–Appellee,

v.

A.B. Shalom Produce, Young O. Lee, Young Ok Fruit & Groceries Corp., Ryung Cil Yi and RNK Produce & RNK Grocery, Inc., Defendants.

No. 08–0087–cv.

United States Court of Appeals, Second Circuit.

May 1, 2009.

Howard Rosenberg (Leonard Kreinces, on the brief), Kreinces & Rosenberg, P.C., Westbury, NY, for Plaintiffs–Appellants.

Christoph C. Heisenberg, Traiger & Hinckley LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WALKER, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Sellers of perishable agricultural commodities appeal from a December 17, 2007 judgment of the United States District Court for the Southern District of New York dismissing their claims after remand by this Court in *D.M Rothman & Co., Inc. v. Korea Commercial Bank*, 411 F.3d 90

(2d Cir.2005). The underlying facts of the case are set forth in this Court's decisions in *D.M. Rothman,* 411 F.3d at 94–96, and *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.,* 155 F.3d 612, 614–15 (2d Cir. 1998). We assume the parties' familiarity with the procedural history and the issues on appeal.

"We review the District Court's findings of fact for clear error and its conclusions of law *de novo.*" *Am. Banana Co. v. Republic Nat'l Bank,* 362 F.3d 33, 40 (2d Cir. 2004).

Appellants' principal argument is that by accepting funds deposited in an over-drawn checking account by trustee A.B. Shalom, Korea Commercial Bank ("KCB") unlawfully encumbered Perishable Agricultural Commodities Act ("PACA") funds. We explicitly rejected this argument in *D.M. Rothman,* 411 F.3d at 99–100. That ruling is the law of the case. *See, e.g., United States v. Carr,* 557 F.3d 93, 102 (2d Cir.2009).

Appellants attempt to distinguish our precedents—including our decision in *D.M. Rothman*—on the ground that KCB held a security interest in A.B. Shalom's PACA trust assets. But we noted in *D.M. Rothman* that "the regulations do not prohibit a [produce dealer] from granting a secured interest in trust assets." 411 F.3d at 94 n. 2 (citation omitted). While KCB's security interest was "secondary and specifically voidable in order to satisfy debts to unpaid [PACA beneficiaries] in perishable agricultural commodity transactions," *id.,* KCB's priority as a secured lender does not make it liable, because it exercised no preference over Appellants.

The district court determined on remand that the $37,423.21 in fees, expenses and

interest charged by KCB were reasonable and that KCB did not retain other funds deposited into A.B. Shalom's account. Appellants suggest no basis for disturbing the district court's conclusions.

We have considered Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**